UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GARDY GREGORY ALEXANDRE

CIVIL ACTION

vs.

NO. 25-951-SDD-RLB

KEVIN JORDAN, et al.

## ORDER

Petitioner has filed two separate Motions for Temporary Restraining Orders (R. Docs. 2, 8), as well as a Petitioner for Writ of Habeas Corpus (R. Doc. 3).

In those filings, Petitioner alleges that ICE confiscated his "entire legal file and VA medical records" during a removal attempt on September 10, 2025. (R. Doc. 8 at 8). According to Petitioner, the confiscated "legal file and VA medical records" (R. Doc. 8 at 8) include, among other things, documents "needed" for Petitioner's pending appeal before the Board of Immigration Appeals (BIA), and his Habeas Petition pending before this Court (R. Doc. 8 at 11) ("[this] severely impair[s] [my] ability to litigate in both the BIA and this Court."). Our Constitution entitles all noncitizens "to due process of law," *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025), which includes a meaningful right of access to the courts and pursuit of one's legal claims, *Doe v. U.S. Immigration and Customs Enforcement*, 490 F. Supp. 3d 672, 694 (S.D.N.Y. 2020). Therefore,

**IT IS ORDERED** that the Government will, within 14 days of this Order, RETURN to Petitioner his "entire legal file and VA medical records" which were allegedly confiscated by ICE on September 10, 2025, but never returned to Petitioner. The Government will also file Notice of Compliance in the record within 14 days, as well.

**IT IS FURTHER ORDERED** that the Government will, within 14 days of this Order, file in the Court's record and supply Petitioner with a copy of: a complete record of Petitioner's relevant immigration proceedings and his complete A-File. This evidence shall include, but is not limited to: any documents related to Petitioner's legal status and efforts to obtain citizenship; a complete record of all immigration court proceedings before the Immigration Judge and the Board of Immigration Appeals (e.g., any documents presented by the parties, any written transcripts of immigration court proceedings, and any Orders issued by the IJ or BIA); and any written evidence of a deportation plan or procurement of travel documents.[1]

This Court recently issued an opinion, *Rodriguez Romero v. Ladwig*, No. 25-1106, 2026 WL 321437 (M.D. La. Feb. 6, 2026), concerning the availability of habeas relief to a non-citizen in ICE detention. That opinion is attached to this Order for Petitioner's convenience. Considering its potential relevancy,

**IT IS FURTHER ORDERED** that the parties may, within 21 days of this Order, file supplemental briefing concerning the impact of *Rodriguez Romero*, if any, on the pending Petition for Writ of Habeas Corpus. (R. Doc. 3) and reasonableness of Petitioner's ongoing detention. Finally,

---

[1] Respondents may request to file under seal in accordance with the Local Rules and Administrative Procedures, including a detailed explanation of the need for sealing; alternatively, Respondents may file with limited redactions.

**IT IS FURTHER ORDERED** that the Government shall NOT REMOVE Petitioner from this district or the country while the instant Motion for Temporary Restraining Order (R. Docs. 2, 8) remains pending and under consideration by this Court. *See ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978) (Courts have the authority to enjoin activity that "would have had the practical effect of diminishing the court's power to bring the litigation to a natural conclusion," including orders that preserve the status quo.).

Signed in Baton Rouge, Louisiana, on March 10, 2026.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**